IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY SAUNDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-CV-554-SMY |
| | ) |
| NORTH AMERICAN RECOVERY, INC., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Now pending before the Court are Defendant North American Recovery, Inc.'s ("NAR") Motion to Compel Arbitration (Doc. 16) and Motion to Stay Proceedings Pending a Ruling on the Motion to Compel Arbitration (Doc. 24). For the following reasons, the Motion to Compel Arbitration is **GRANTED** and the Motion to Stay is **DENIED as MOOT**.

## Background

Plaintiff Anthony Saunders opened a credit card account with Merrick Bank through its computerized application system on May 17, 2008. Around August 2016, Saunders failed to make payments towards his credit card debt and a default judgment was entered against him in the amount of $7,230.12 plus $200.25 in costs on January 23, 2018 in the Effingham County, Illinois Circuit Court (Doc. 17-3, p. 2).

According to the Complaint, Saunders entered into a repayment agreement with Merrick Bank through the Kohn Law Firm, wherein he agreed to make monthly payments of $241.01 until the debt was paid off (Doc. 1, p. 3). However, the Kohn Law Firm failed to credit payments, totaling $1,929.10, to his account and instead assigned his debt to NAR. Saunders continued to make additional payments to NAR but was told that he owes more than the agreed amount. He alleges that NAR's actions violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*., (Count I) and

Illinois' Collection Agency Act, 225 Ill. Comp. Stat. § 452/2, *et seq*.

The Cardholder Agreement between Saunders and Merrick Bank contains the following arbitration clause:

> Agreement to Arbitrate Disputes and Class Action Waiver.
>
> This section is an agreement to arbitrate disputes ("Arbitration Agreement") that may arise as a result of the Agreement or your Account. Read this Arbitration Agreement carefully. You may reject this Arbitration Agreement by notifying us in writing within 60 days using the procedure set forth at the end of this section. If you are a covered borrower under the Military Lending Act, you are not required to submit to arbitration, even if you fail to reject this Arbitration Agreement as described above. **If a dispute arises that is covered by this Arbitration Agreement, you will be required to resolve the dispute through Binding Arbitration if you or we request Binding Arbitration as set forth herein.** This means that you will not be able to have the dispute settled by trial or before a jury or to participate in a class action in court or a class action or consolidated arbitration. Other rights that you would have if you went to court may not be available or may be more limited in arbitration including your right to appeal.
>
> In consideration for our willingness to provide you with an Account as set forth in the Agreement, you and we agree as follows:
>
> **Any claim, dispute or controversy ("Claim") by either your or us against the other arising from or relating in any way to the Agreement or your Account, except for the validity, scope, or enforceability of this Arbitration Agreement, shall at the demand of any party, be resolved by Binding Arbitration.**

(Doc. 17-1, p. 30, ¶ 24 (emphasis added)). "Claims" are defined as "[a]ny disputes arising from the collection of amounts you owe in connection with your Account" and "[a]ny disputes concerning the dollar amount of payments made or transactions posted to your account" (*Id.*). The Cardholder Agreement further provides that "[t]he Bank may sell, assign, or transfer this Agreement or the Account or the Deposit Account, or any portion thereof or any rights to collect money thereunder, at any time and without your prior consent" (*Id.*).

On August 15, 2016, Merrick Bank entered into a "Non-Exclusive Master Collection Agreement" ("MCA") with NAR for collection services on certain accounts (Doc. 17-2, p. 6). The MCA provides that Merrick Bank "hereby assigns and sets over to NAR, Client's claims and demands

against all debtors assigned together with all of Client's rights, title and interest therein, and the demands represented thereby, and all rights of action accrued or to accrue. Client further grants to NAR, subject to the limitations contained herein, full power to collect, commence legal action to collect, compromise, or in any other legal manner enforce the collection thereof." (*Id*. p. 7). Merrick Bank assigned Plaintiff's account to NAR for collection on or about October 11, 2018 (Doc. 17-2, p. 5).

## Discussion

Under the Federal Arbitration Act ("FAA"), an arbitration clause within a "contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *See* 9 U.S.C. § 2. Whether a dispute is subject to arbitration is a straightforward matter of contract interpretation, and if the contract is unclear, doubts should be resolved in favor of arbitration. *See Cty. Of McHenry v. Ins. Co. of the W.*, 438 F.3d 813, 823 (7th Cir. 2006). "As with any contract, the touchstone for interpreting an arbitration clause must be the intention of the parties." *AGCO Corp. v. Anglin*, 216 F.3d 589, 593 (7th Cir. 2000).

A litigant may compel arbitration if the following circumstances are established: (1) a written agreement to arbitrate; (2) the existence of a dispute within the scope of the arbitration agreement; and (3) a refusal to arbitrate. *See* 9 U.S.C. § 4; *see also Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 687 (7th Cir. 2005). A request for arbitration should not be denied unless a court is positively certain the arbitration clause is not subject to an interpretation that encompasses the asserted dispute. *See McHenry*, 438 F.3d at 823. Plaintiff does not dispute the existence of a written agreement to arbitrate but argues that NAR cannot benefit from the arbitration agreement because "[u]nder the governing law, the relationship of the principal to a contract with its agent does not give the agent the authority to enforce a contractual term for the agent's own benefit" (Doc. 18, p. 4).

Under Utah law, which governs the Cardholder Agreement, only parties to a contract may enforce a contract and an agent to a signatory cannot enforce portions of that contract for its own benefit. *Belnap v. Iasis Healthcare*, 844 F.3d 1272, 1298 (10th Cir. 2017). But while an agent acts on behalf of a principal, an assignee has been transferred the rights of a principal. BLACK'S LAW DICTIONARY (11th ed. 2019). The agreements at issue in this case do not create an agency relationship – Plaintiff's account, and Merrick Bank's rights and remedies with respect to the account, were assigned to NAR for collection purposes. The cardholder agreement specifically permitted the bank to assign the contract, including the arbitration clause, to NAR. "While it is correct that an assignee stands in the shoes of its assignor and cannot stand in a better position than its assignor, an assignee should nevertheless be given the chance to fully and fairly litigate the rights it claims to have acquired by assignment." *Sundridge Development Corp. v. RB & G Engineering, Inc.*, 230 P.3d 1000, 1003 (Utah 2010). NAR acquired the right to compel arbitration and this case must be stayed pending that outcome. *See Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 732 n. 7 (7th Cir. 2005).

## Conclusion

For the foregoing reasons, Defendant North American Recovery, Inc.'s Motion to Compel Arbitration (Doc. 16) is **GRANTED**. The Motion to Stay Proceedings Pending a Ruling on the Motion to Compel Arbitration (Doc. 24) is **DENIED as MOOT**. This matter is **STAYED** pending arbitration. The parties shall jointly file a status report within 6 months of the date of this Order, advising the Court of the status of arbitration.

**IT IS SO ORDERED.**

**DATED: March 25, 2020**

                                              **STACI M. YANDLE**
                                              **United States District Judge**